# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | } | |
| | } | |
| v. | } | Case No. 5:19-cr-00559-MHH-JHE |
| | } | |
| **ROBIND WOODS MOORE,** | } | |
| | } | |
| | } | |

## STANDING DISCOVERY ORDER

The court hereby ORDERS that, except as to those paragraphs below in which a different time is provided, the parties, on or before **May 3, 2019,** shall confer and the following shall be accomplished:

A. The government shall permit the defendant to inspect and copy the following items or copies thereof, or supply copies thereof, which are within the possession, custody, and/or control of the government, or the existence of which is known or by the exercise of due diligence may become known to the attorney for government:

1. The substance of any oral statement(s) made by the defendant before or after his or her arrest in response to interrogation by a person then known by the defendant to be a government agent which the government intends to offer in evidence at trial.

2. Written and/or recorded statements made by the defendant; provided, however, that the government may file a sealed *ex parte* motion for a protective order to be relieved of the obligation to provide statements of the defendant where the statement does not relate to this prosecution, but does relate to an ongoing investigation, the existence of which will be compromised by production of the statement.

3. Recorded grand jury testimony of the defendant relating to the offense(s) charged.

4. The defendant's arrest and conviction records.

5. Books, papers, documents, data, audio or video tapes, photographs, tangible objects, buildings, or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belong to the defendant.

6. Results and/or reports of physical or mental examinations, and of scientific tests and/or experiments, or copies thereof, which are material to the preparation of the defense or are intended for use by the government in its case-in-chief at trial.

B.  Within ten (10) days after receipt by the defendant of materials from the government responsive to paragraphs A(5) and (6), above, the defendant shall permit the government to inspect and copy the following items, or copies thereof, or supply copies thereof, which are within the possession, custody, and/or control of the defendant, the existence of which is known or by the exercise of due diligence may become known to the defendant:

1.  Books, papers, documents, data, audio or video tapes, photographs, tangible objects, buildings, or places which the defendant intends to use in defendant's case-in-chief at trial.

2.  Any results or reports of physical or mental examinations and scientific tests or experiments made in connection with this case which the defendant intends to use in the defendant's case-in-chief at trial, or which were prepared by a defense witness and the report relates to the witness's testimony.

C.  If the defendant intends to rely upon the defense of insanity at the time of the alleged crime, or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he/she had the mental state required for the offense charged, he/she shall give written notice thereof to the government in accordance with Rule 12.2 of the Federal Rules of Criminal Procedure within seven (7) days after the date provided above for discovery production by the government.

D.  The government shall produce to the defendant and permit inspection and copying of all material information and evidence known to the government through the exercise of due diligence, which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), and Kyles v. Whitley, 514 U.S. 419 (1995) by no later than seven (7) days before trial, or, if within seven (7) days of trial, as soon as practicable after discovery of such material.

E.  The government shall disclose to the Defendant, not later than seven (7) days prior to trial, the existence and substance of any payments, promises of immunity, leniency, or preferential treatment, made to any prospective government witnesses, within the scope of United States v. Roviaro, 353 U.S. 53 (1957), Napue v. Illinois, 360 U.S. 264 (1959) and/or United States v. Giglio, 405 U.S. 150 (1972).

F.  The government shall obtain the record of prior convictions admissible for purposes of impeachment under Rule 609 of any alleged informant and/or cooperating witness, within the scope of United States v. Roviaro, 353 U.S. 53 (1957), who will testify for the government at trial so that the record will be available to the defendant when the informant or cooperating witness testifies at trial.

G.  The government shall state whether the defendant was identified in any lineup, show-up, photo spread, or similar identification procedure, and shall produce any pictures utilized or resulting therefrom.

H.  The government shall advise its agents and officers involved in this case to preserve all rough notes.

I. Unless the government otherwise moves for relief from this provision, it shall notify the defendant a reasonable period of time before trial (but at least seven (7) days before trial) of its intention to introduce evidence during its case in chief pursuant to Rule 404(b) Federal Rules of Evidence by filing under seal a description of such evidence or by delivering to defendant's counsel a non-public letter describing such evidence.

J. The government shall state whether the defendant was an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), with respect to any electronic surveillance, and if so shall set forth in detail the circumstances thereof.

K. Upon written request by formal motion or letter to counsel for the government, the government shall produce to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government receives notification from the defendant pursuant to paragraph C, above, the government must produce to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at the trial on the issue of the defendant's mental condition. The summary provided under this section must describe the witness's opinion(s), the bases and reasons for those opinions, and the witness's qualifications.

L. Upon written request by formal motion or letter to counsel for the government, the government shall permit the defendant, his counsel, and any experts selected by the defense to inspect any vehicle, vessel, or aircraft allegedly utilized in the commission of any offense charged, government counsel shall, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place by advising the governmental authority having custody of the thing to be inspected that such inspection has been ordered by the court.

M. Upon written request by formal motion or letter to counsel for the government, the government shall provide the defense, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. Upon written request by formal motion or letter to counsel for the government, the government shall provide directly to a chemist or other expert retained by the defendant and authorized by law to handle and possess controlled substances, reasonable samples of any controlled substances or narcotics intended to be introduced as evidence or referred to by the Government in its case-in-chief.

O. The parties shall make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which are not contested and the early resolution of which will expedite the trial.

Counsel for each side has a continuing duty to disclose to opposing counsel, as soon as is practicable, all newly discovered information or other material within the scope of this Standing Order.

Upon a sufficient showing, the court may at any time, upon motion properly filed, order that the discovery or inspection provided for by this Standing Order be denied, restricted, deferred, or expanded, or otherwise make such orders as are appropriate. The court expects,

however, that counsel for both sides shall make every good faith effort to comply with the letter and spirit of this Standing Order.

All pretrial motions concerning matters not covered or addressed by this Standing Order must be filed within twenty-one (21) days after arraignment or, after such time, if filed with good cause shown.

The court contemplates that certain cases will be too complex and/or otherwise unique for such cases to come within the letter and spirit of this Standing Order and, therefore, will require separate orders tailored to the unique needs of such cases. Therefore, not later than twenty-one (21) days after the date of arraignment, either party, separately or jointly, may move to have a case deemed as "complex" so as to be treated differently from cases generally covered by this Standing Order. Further, upon giving advance Notice of Consideration to Move to Complex Case Status to the parties, the court may designate any case previously subject to this Standing Order a "complex case," subjected to a separate order by the court.

**DONE** and **ORDERED** on this the 4th day of April, 2019.

.

_____
**JOHN H. ENGLAND, III**
**UNITED STATES MAGISTRATE JUDGE**